IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO LEONEL RIVERA-COSME,<br><br>Defendant. | CRIM. NO.: 14-202(GAG/SCC)<br>14-277(CCC/SCC) |

REPORT AND RECOMMENDATION ON PLEA OF GUILTY

I.  PROCEDURAL BACKGROUND

On March 30, 2014, defendant [1]Francisco Leonel Rivera-Cosme was charged in a multi-count indictment in Criminal No. 14-202 )GAG). On April 22, 2014, defendant [26] Francisco Leonel Rivera-Cosme was charged in a multi-count indictment in Criminal No. 14-277 (CCC). On April 27, 2015, defendant assisted by the court interpreter, appeared before me and agreed to plead guilty to count three of the indictment in criminal case 14-202 (GAG) and to counts one and five of the indictment in criminal case 14-277 (CCC). See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). In Criminal Case No. 14-202 (GAG) count three charges

1

United States v. Rivera-Cosme
Crim. No. 14-202(GAG/SCC) 14-277 (CCC)
Report and Recommendation

that the defendant, did knowingly possess a firearm and ammunition, from wich the manufacturer's serial number has been removed, altered and obliterated; in addition to multiple rounds of ammunition, that had been shipped and transported in interstate or foreign commerce, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B). In Criminal Case No. 14-277 (CCC) count one charges that the defendant, with others, did knowingly and intentionally combine, conspire, and agree to possess with the intent to distribute narcotics within 1,000 feet of a real property comprising a public housing authority, and the real properties comprising a public or private school and/or playground, all in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860. Count five charges that the defendant, with others, did knowingly and unlawfully use and carry firearms during an in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

The defendant was advised of the purpose of the hearing and placed under oath, with instructions that his answers must be truthful or he would subject himself to possible charges of perjury or making a false statement.

II.   CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving his right to trial

United States v. Rivera-Cosme
Crim. No. 14-202(GAG/SCC) 14-277 (CCC)
Report and Recommendation

by jury.[1] He confirmed that his attorney explained and translated the form, and he was further explained his right to have all proceedings, including the change of plea hearing, conducted by a district judge. To this end, defendant was made to understand the differences between the functions and jurisdiction of magistrate and district judges, and that, if he chose to proceed before a magistrate judge, that the magistrate would hold the hearing and prepare a report and recommendation, which would be subject to review by and the final approval of the district judge. Having heard all of this, the defendant consented to proceed before a magistrate judge.

   III.   PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11 of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only if it is knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an understanding of the charges, and (3) knowledge of the

---

[1] That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the record.

United States v. Rivera-Cosme
Crim. No. 14-202(GAG/SCC) 14-277 (CCC)
Report and Recommendation

consequences of pleading guilty. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991).

    A.    Competence to Enter a Guilty Plea

The defendant was questioned about his age, education, employment, history of treatment for mental illness or addiction, use of medication, drugs, or alcohol, and his understanding of the purpose of the hearing. It was confirmed that the defendant received a copy of the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received. The court inquired whether counsel for the defendant or the government had any doubts about the defendant's capacity to plead; neither had any doubts about defendant's competency. Upon hearing the defendant's responses and observing his demeanor, a finding was made that the defendant was competent to plead and was fully aware of the hearing's purpose.

    B.    Maximum Penalties

The defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely, as to Count Three of the indictment in case 14-202 (GAG), a term of imprisonment of not more than five years, a fine not to exceed $250,000.00, and a term of supervised release of not more than three years.

The defendant also understands that the penalty for the offense charge in Count

United States v. Rivera-Cosme
Crim. No. 14-202(GAG/SCC) 14-277 (CCC)
Report and Recommendation

One of the indictment in case 14-277 (CCC), is a term of imprisonment of not less than ten years and up to two terms of life, a fine not to exceed $20,000,000.00, and a term of supervised release of not less than ten years in addition of any term of incarceration. However, based on the stipulated and agreed amount of narcotics possessed by the defendant at least 300 grams but less than 400 grams of cocaine, the maximum penalty for the offense shall be not less than 1 year and not more than 40 years, a fine not to exceed $2,000,000.00 and a term of supervised release of not less than six years.

The defendant also understands that the penalty for the offense charge in Count Five of the indictment in case 14-277 (CCC), is a term of imprisonment of not less than five years and up to life, a fine not to exceed $250,000.00, and a term of supervised release of up to six years.

Defendant was also informed that a special monetary assessment of $100 would also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of violating its terms.

C. Plea Agreement

The defendant was shown documents titled Plea Agreement and Supplement to Plea Agreement (together, "Plea Agreement"), which are part of the record, and identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before signing, that his attorney had

5

<u>United States v. Rivera-Cosme</u>
Crim. No. 14-202(GAG/SCC) 14-277 (CCC)
<u>Report and Recommendation</u>

translated the document, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

Pursuant to the Plea Agreement in this case, the Government had agreed to recommend, or has agreed not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines or sentencing factor does not apply. <u>See</u> Fed. R. Crim. P. 11(c)(1)(B). The defendant was admonished, pursuant to Rule 11(c)(3)(B), that his sentence is a matter to be decided by the presiding judge, who may disregard the Agreement's recommendations and impose any sentence within the statutory range. To this end, the presiding judge may accept or reject the Plea Agreement or may defer decision until after considering the pre-sentence report. The defendant understood that he could not later withdraw his guilty plea because the presiding judge imposes a sentence greater than that recommended by the Plea Agreement.

The parties' sentencing calculations and recommendations appear in the Plea Agreement and were explained in open court. The defendant confirmed that these were the sentencing recommendations he agreed to with the government. The defendant was made to understand that the guidelines are no longer mandatory and are thus considered advisory, and that during sentencing, the court will consider the sentencing criteria found at Title 18, <u>United States Code</u>, Section 3553(a).

United States v. Rivera-Cosme
Crim. No. 14-202(GAG/SCC) 14-277 (CCC)
Report and Recommendation

    The defendant was advised that under some circumstances, he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive his right to appeal the judgment and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

    D.    Waiver of Constitutional Rights

    The defendant was specifically advised that he has the right to persist in a plea of not guilty, and that if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him; that at trial he would have the right to hear and cross-examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further advised that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

United States v. Rivera-Cosme
Crim. No. 14-202(GAG/SCC) 14-277 (CCC)
Report and Recommendation

The defendant expressed his understanding of these right, and his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights the court explained. The defendant's counsel attested that he explained these rights to his client and believed that the defendant understood his explanations. The defendant was also informed that parole has been abolished and that any sentence of imprisonment must be served. Further, defendant was explained that a pre-sentence report would be prepared and considered by the district judge at sentencing. Defendant was admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, including the right to vote, to hold public office, to serve as juror, and to possess a firearm. The defendant expressed his understanding of these consequences.

E.   Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged in count three of case 14-202 (GAG), and also for the offense charged in counts one and five in case 14-277 (CCC), and the evidence the government had available to establish the defendant's guilt beyond a reasonable doubt, should the case go to trial. The defendant understood this explanation and agreed with the government's submission as to evidence which could have been presented at trial.

F.   Voluntariness

The defendant stated that he had not been induced to plead guilty, but, rather,

United States v. Rivera-Cosme
Crim. No. 14-202(GAG/SCC) 14-277 (CCC)
Report and Recommendation

that he was entering such a plea freely and voluntarily because he is in fact guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any promises in exchange for his guilty plea, other than the recommendations set fort in the Plea Agreement. Throughout the hearing, the defendant was able to consult with his attorney.

   IV.   CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure and entered a plea of guilty as to count three of the indictment in case 14-202 (GAG) and entered a plea of guilty as to counts one and five of the indictment in case 14-277 (CCC). After cautioning and examining the defendant under Rule 11, I find that the defendant, Francisco Leonel Rivera-Cosme, is competent to enter this guilty plea, aware of the nature of the offense charged and the maximum penalties it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with the full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to count three of the indictment in case 14-202 (GAG) and as to counts one and five of the indictment in case 14-277 (CCC).

   IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and

recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 27th day of April, 2015.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE